# Williamson v. Barrett et al.

*Roland J. Christy* and *W. A. Burns*, for plaintiff.

*Marshall H. Morgan* and *Hugh Roberts*, for defendants.

ALESSANDRONI, J., September 18, 1941.—Appellant has filed a motion purporting to have certain portions of the evidence omitted in the printing of the transcript for the purpose of review under rule 55 of the Superior Court. The rule provides for the elimination of all "evidence which has no relation to or connection with the questions raised by the assignments of error". In order effectually to carry out the requirements, appellant shall file in the court below, before he begins to print the record, a brief statement of the questions he intends to argue on the appeal in a general way. This the appellant has failed to do. He is also required to set forth the evidence he does *not* intend to print, etc. Appellant, on the contrary, while setting forth in his motion the words "Brief statement of evidence appellant's counsel does not intend to print," immediately follows with the statement of all the matters that he affirmatively intends to print.

Since the motion is not in accordance with the rule or the Act of May 11, 1911, P. L. 279, sec. 5, it must be dismissed.

Appellee, on the other hand, instead of moving to strike off appellant's motion, took exception thereto and, waiving the irregularity, made no objection to the items appellant chose to print but added that it was appellee's desire to have the trust deed and three checks offered in evidence in the case made part of appellant's printed record. Interpreting this as an objection by appellee under rule 55 and after a hearing on the merits of the application, we are constrained under the provisions of the Act of May 11, 1911, supra, to hold that appellee's request cannot be granted. The Act of 1911 makes provision for the printing of such evidence by appellee himself unless it be otherwise ordered by the appellate court.

And now, to wit, September 18, 1941, motion of appellant is dismissed.